It is very apparent that the testimony of these three witnesses, Abel, McDow, and Patterson, is self-contradictory, and each of them was a state witness, and their testimony was relied on to establish the existence of the conspiracy alleged against appellant, McDow and Patterson. We have tried as best we could to find in this confused and confusing record testimony that would seem to measure up to the requirement of the law and furnish corroboration which of itself would tend to show that the accomplices were corroborated when they said that Keller entered into the conspiracy described with McDow and Patterson, but confess our inability to find it. So believing, appellant's motion for rehearing will be granted, the judgment of affirmance set aside, and the judgment of the trial court will be reversed and the cause remanded.

MORROW, P. J., absent.

Called Session, chapter 467, p. 1795 (Vernon's Ann.P.C. art. 666—1 et seq.), and his punishment assessed at a fine of $400.

The prosecution was under subdivision (n) of section 15 of said act (Vernon's Ann.P.C. art. 666—15, subd.(n). It was charged against appellant that he was the holder of a medicinal permit to sell liquor for medicinal purposes only, which permit had been issued by the Texas Liquor Control Board, and that appellant sold liquor to a named person without said person having a prescription for said liquor issued to him by a licensed practicing physician.

The record is here without bills of exception or statement of facts.

The judgment is affirmed.

HAWKINS, Judge.

Appellant was convicted for violating a provision of the "Texas Liquor Control Act" passed by the 44th Legislature, 2d